declaratory, injunctive and monetary relief to eliminate the disparity between his salary and salaries paid to Family Court Judges in Erie, Monroe and Sullivan Counties pursuant to Judiciary Law § 221-e. Supreme Court erred in granting plaintiff's motion for partial summary judgment on the third cause of action, eliminating the disparity between plaintiff's salary and the salary paid to the Family Court Judge in Sullivan County. Plaintiff failed to meet his "heavy burden of proving that there is no reasonably conceivable state of facts which rationally supports the distinction" in salary (*D'Amico v Crosson*, 93 NY2d 29, 32). We note that the data regarding median home values in Jefferson and Sullivan Counties, presented for the first time in the brief of H. Carl McCall, as Comptroller of the State of New York, and the State of New York (defendants), are not properly before us (*see, Affronti v Crosson*, 265 AD2d 817). We reject the contention of defendants that plaintiff's claim for back pay is time-barred in part (*see, Affronti v Crosson, supra*). (Appeals from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Declaratory Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.

■ In the Matter of BRUCE ERTEL et al., Appellants, v TOWN OF AMHERST, Respondent. [700 NYS2d 903] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in denying claimants' motion to file a late notice of claim. Claimants failed to establish that respondent had "notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (*Matter of Sica v Board of Educ.*, 226 AD2d 542, 543; *see, Matter of Morrison v New York City Health & Hosps. Corp.*, 244 AD2d 487, 488). Moreover, claimants failed to demonstrate a reasonable excuse for their failure to file a timely notice of claim (*see, Winter v City of Geneva*, 203 AD2d 939). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Notice of Claim.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.

■ GEORGE KLEMANN, Respondent, v FRANCIS J. COSENTINO et al., Appellants. (Appeal No. 1.) [700 NYS2d 904] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *see also, Chase Manhattan Bank v Roberts & Roberts*, 63 AD2d 566, 567; CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.

■ GEORGE KLEMANN, Respondent, v FRANCIS J. COSENTINO et al., Appellants. (Appeal No. 2.) [700 NYS2d 904] —Judg-

ment unanimously affirmed with costs for reasons stated in decision at Supreme Court, Stander, J. (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.

JESSICA POWELL et al., Infants, by Their Father and Natural Guardian, CLINTON POWELL, et al., Appellants, v CHARLES MASON et al., Respondents. [700 NYS2d 324] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Defendants met their initial burden, and "plaintiff[s] failed to raise a triable issue of fact whether defendant[s], as plaintiff[s'] landlord[s], had actual or constructive notice of the dangerous lead paint condition for a sufficient period of time to have remedied it" (*Arnold v Advantage Fed. Credit Union* [appeal No. 2], 261 AD2d 939; *see, Boler v Malik*, 267 AD2d 998 [decided herewith]). Defendants' knowledge of the existence of peeling paint does not constitute actual or constructive knowledge of a hazardous lead paint condition (*see, Lanthier v Feroleto*, 237 AD2d 877). Defendants transferred the property to the mortgagee before receiving notice of the presence of lead based paint at the premises, and thus we reject plaintiffs' contention that defendants are liable for their failure to correct the condition pursuant to Public Health Law § 1373. (Appeal from Order of Supreme Court, Oneida County, Buckley, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.

HOWARD FERNANDEZ, Respondent, v KAREN KORETZ, Individually and as Doing Business as C&C ADJUSTMENT BUREAU, Appellant, et al., Defendant. (Appeal No. 1.) [700 NYS2d 908] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Monroe County, VanStrydonck, J.— Counsel Fees.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.

HOWARD FERNANDEZ, Respondent, v KAREN KORETZ, Individually and as Doing Business as C&C ADJUSTMENT BUREAU, Appellant, et al., Defendant. (Appeal No. 2.) [700 NYS2d 888] —Order unanimously affirmed without costs. Memorandum: Counsel fees are not recoverable in an action unless specifically provided for by statute or contract (*Marotta v Blau*, 241 AD2d 664). According to the clear and unambiguous language of the parties' lease (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162; *North Shore Equestrian Ctr. v Long Is.*